IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| TONY JEFFERSON, | * | |
| ADC #129972, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 5:19cv00091-JJV |
| | * | |
| WENDY KELLEY, Director, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Petitioner Tony Jefferson, an inmate at the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1.) Mr. Jefferson was charged in Faulkner County Circuit Court with delivery of methamphetamine. *Jefferson v. State*, 2018 Ark. App. 162, at 1. The case went to trial on February 21, 2017, and Mr. Jefferson was convicted and sentenced to 120 years in the ADC. (Doc. No. 1 at 2.) Mr. Jefferson filed a direct appeal of the conviction to the Arkansas Court of Appeals. *Id.* On February 28, 2018, it was affirmed. *Id.* The Court of Appeals summarized the evidence in the case as follows:

> Jefferson was charged by felony information on May 25, 2016. Attorney Karen Walker Knight was appointed as trial counsel for Jefferson after his private attorney withdrew from the case. On December 28, 2016, Jefferson filed a pro se motion to remove his counsel of record, stating that "counsel for the defendant is being verbally argumentative . . . and does not want to pursue the methods that the defendant raises . . . ." The circuit court denied the motion at a pretrial hearing February 10, 2017, stating the following:
>
> > As far as your motion to remove counsel, at this point I'm going to deny that. It's not important that you love one another. It's important that you can consult with her, tell her what information

> you have, if you have witnesses that you believe to be important to your defense in these cases, provide that information to her so she can contact those witnesses and subpoena them if necessary. So that motion will also be denied.
>
> Jefferson's immediate response to this ruling was "[o]kay, well, I ain't ready to go to trial then on the 21st then." Jefferson repeatedly asserted that he was not ready to go to trial because he had not "consulted with none of my people yet." After a lengthy back and forth between the circuit court and Jefferson, Jefferson stated, "Man, I'd rather just fire Karen Walker Knight and hire me an attorney." The court advised Jefferson "if that's what you want to do then you get it done . . . and you be ready to go but we're going to trial on [case number] 16–465 on February the 21st at nine o'clock." Jefferson again responded, "Okay, well, I'm firing Karen Walker Knight and I'll hire my own attorney."
>
> At a pretrial hearing held February 17, 2017, three days before trial, Jefferson was still represented by Knight but asserted that he "was trying to hire private counsel," and he sought a continuance to hire a private attorney. At no time before trial did Jefferson indicate that he wanted to represent himself at trial. Likewise, during the trial Jefferson never indicated he wanted to proceed pro se. Jefferson merely told the court "Okay, I didn't want Karen Walker Knight as a lawyer anyway."
>
> At trial, the jury was presented with overwhelming evidence of Jefferson's guilt. The State showed the jury a video of Jefferson delivering methamphetamine, which was corroborated by the testimony of Korey Bearden, an agent of the Drug Enforcement Agency (DEA); Tom Kennedy, a police officer with the Conway Police Department; Cardarious Walker, a DEA agent; and Clay Phelan, a forensic chemist employed by the DEA. The jury also heard the testimony of a confidential informant, Herbert Cameron, who testified that he bought approximately an ounce of methamphetamine from Jefferson as part of an agreement between him and the Conway Police Department that resulted in leniency regarding other criminal charges he was facing.
>
> During Cameron's testimony at trial, Jefferson made a pro se verbal motion seeking to have Cameron drug tested. The court denied the request because it found that the witness was coherent, his testimony was clear, and there was no indication that he was currently under the influence of drugs. Jefferson was convicted, and this appeal followed.

*Jefferson*, 2018 Ark. App. 162, at 1-3. Mr. Jefferson admits he did not pursue state post-conviction relief or collateral review. (Doc. No. 1 at 2.)

Mr. Jefferson filed the instant Petition for Writ of Habeas Corpus on March 12, 2019. (*Id.* at 1.) In this Petition, he identifies the following issues: (1) he was deprived of his Sixth

2

Amendment right to represent himself when the trial court denied his motion to substitute counsel (*Id.* at 7-11); (2) the trial court improperly denied his motion to drug test a witness (*Id.* at 5); and (3) the trial court erred in not granting Mr. Jefferson a suppression hearing and appellate counsel was ineffective for failing to raise this issue on appeal (*Id.* at 11-13).  Respondent argues Mr. Jefferson's claims are meritless and a majority of the claims are also procedurally defaulted. (Doc. No. 11.)  After careful consideration of the Petition and Response, I find the Petition should be dismissed with prejudice.

## II.   ANALYSIS

### A.   Procedural Default

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts.  *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849.

If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an

3

independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default'" or actual innocence. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

A careful review of Mr. Jefferson's claims reveals a portion of his first claim and his entire third claim are procedurally defaulted. As part of his first claim, Mr. Jefferson contends the trial court erred in denying his motion to substitute counsel. (Doc. No. 1 at 7-11.) This claim was not fairly presented to the state appeals court, and as a result, it must be procedurally defaulted. *Jefferson v. State*, 2018 Ark. App. 162. In fact, on appeal, Mr. Jefferson raised the issue of self-representation, and supported this argument with a push for a *Faretta* inquiry. *Id.* at 3. However, Mr. Jefferson only mentioned a violation of his right to self-representation, and never mentioned a denial of substitute counsel. *Id.* at 3-4.

Regarding his third claim, Mr. Jefferson contends that he should have been granted a suppression hearing, and that appellate counsel was ineffective for failing to raise this issue on appeal. (Doc. No. 1 at 11-13.) As stated within his claim, Mr. Jefferson never raised this point on appeal. *Jefferson v. State*, 2018 Ark. App. 162. Additionally, if Mr. Jefferson had wanted to raise an ineffective assistance of counsel claim he should have done so in a post-conviction proceeding pursuant to Arkansas Rule of Criminal Procedure 37. *Smith v. Hobbs*, 2015 Ark. 312, at 6, 468 S.W.3d 269, 274 (2015); *Pearson v. Norris*, 52 F.3d 740, 741 (8th Cir. 1995). Since he did not raise this issue at the state court level, he is procedurally barred from using this claim for habeas relief. *See, e.g.*, *Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016). Furthermore, Mr. Jefferson has not pled cause and actual prejudice or the type of fundamental miscarriage of justice

required to supersede this procedural bar.[1]  *See, e.g.*, *id.*

    **B.**    **Merits**

All three of Mr. Jefferson's issues fail on the merits.  Under the Antiterrorism and Effective Death Penalty Act of 1996, and in the interests of finality and federalism, federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Federal courts may not grant habeas relief on a claim that was adjudicated on the merits in state court unless the adjudication of the claim

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrives "at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-

---

[1] Moreover, under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), "[i]nadequate assistance of counsel *at initial-review collateral proceedings* may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (Emphasis added.)  The language of *Martinez* strongly implies, if not compels, that there must have actually been a collateral post-conviction proceeding in order for the exception to apply.  *Martinez* and its progeny discuss a defective collateral-review process; they do not discuss a non-existent one – a collateral review that did not happen because the convicted person simply failed to file it in a timely fashion. *See Jones v. Pa. Bd. of Prob. & Parole*, 492 Fed. Appx. 242, 246-47 (3d Cir. 2012) ("Because the Court spoke only of applying its exception to an 'initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]' we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever.").  Because Mr. Jefferson did not initiate any state collateral review proceeding whatsoever, *Martinez* does not excuse his procedural default.

13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A state court decision involves an "unreasonable application" of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision is based on an "unreasonable determination of the facts" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003); *see also* 28 U.S.C. § 2254(e)(1) (a state court's factual finding shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence); *Smulls v. Roper*, 535 F.3d 853, 861-62 (8th Cir. 2008) (applying § 2254(e)(1)'s presumption to a state trial court's findings).

        **1.**     ***Faretta* Claim**

In *Faretta v. California*, the United States Supreme Court held that the accused generally has a Sixth Amendment right to defend himself because it is the accused who will suffer the consequences if the defense fails. *Faretta v. California*, 422 U.S. 806 (1975). The *Faretta* Court held that the Sixth Amendment provides a defendant with the right to represent himself, assuming he knowingly and intelligently waives his right to an attorney, and the state may not force a lawyer upon a defendant who desires to conduct his own defense. In accordance with *Faretta,* the Arkansas Supreme Court has held that a defendant may invoke his right to self-representation provided that (1) the request to waive the right to counsel is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues. *Jarrett v. State,* 371 Ark. 100, 104, 263 S.W.3d 538, 542 (2007).

Additionally, "a request to proceed *pro se* is not an unequivocal request if it is an attempt on the part of the defendant to have another attorney appointed." *Id.* at 104-05.

As part of his first claim, Mr. Jefferson argues the trial court made an error in allowing his appointed counsel, Karen Walker Knight ("Knight"), to remain on the case after he expressed the desire to fire her. (Doc. No. 11-2 at 4.) He contends this was an infringement on his right to self-representation, and thus, a *Faretta* inquiry was required. (*Id.*) Although Mr. Jefferson requested to remove Knight as his appointed attorney, this was not an unequivocal request to waive his right to counsel. Mr. Jefferson never made an unequivocal request to represent himself, and he never actually fired Knight as his counsel. At a pretrial hearing held February 17, 2017, just three days before trial, Jefferson was still represented by Knight but asserted that he "was trying to hire private counsel." (*Id.* at 2.) He also sought a continuance to hire a private attorney, and this continuance was denied. (*Id.*) At no time before trial did Jefferson indicate that he wanted to represent himself at trial. Despite the court telling Mr. Jefferson that he was free to hire new counsel so long as he would be ready by the set court date, Mr. Jefferson went to trial with Knight as his counsel.

Therefore, despite Mr. Jefferson's assertions, a *Faretta* inquiry was not necessary in this case. The state court identified *Faretta* as the proper Supreme Court standard, and it applied this standard reasonably. Since Mr. Jefferson did not unequivocally waive his right to representation, the trial court made no error in denying Mr. Jefferson's *pro* se motion to remove Knight as his counsel. Additionally, the Arkansas Court of Appeals made no error in affirming this denial. Its decision is neither contrary to nor an unreasonable application of clearly established federal law, nor is it based on an unreasonable application of the facts.

    **2.**    **Drug Test**

Mr. Jefferson's second claim, that the trial court made an error in denying his request to drug test a state witness, is without merit and is also not cognizable under *habeas corpus*. In stating this claim, Mr. Jefferson does not tie it to any Supreme Court precedent. (Doc. No. 1 at 11-12). He provides no legal authority or persuasive argument for why the court's denial of this request was error. *Jefferson v. State*, 2018 Ark. App. 162, at 5. Moreover, as the Arkansas Court of Appeals held, this was an evidentiary matter. *Id*. at 5. Since the admissibility or credibility of evidence does not involve a federal constitutional issue, it is not a cognizable *habeas corpus* issue.

Even if this claim were cognizable, it would still be without merit. Mr. Jefferson states "it was against the sufficiency of the evidence that the state proved beyond a reasonable doubt that [Mr. Jefferson] delivered methamphetamine when he was not allowed to drug test the confidential informant." (Doc. No. 1 at 6.) However, the test for determining the sufficiency of the evidence is whether the verdict was supported by substantial evidence, direct or circumstantial. *Marshall v. State*, 2017 Ark. 347, at 4, 532 S.W.3d 563, 565. Ultimately, the state court's decisions in this matter are given due deference under 28 U.S.C. § 2254(d)(2). The state court determined that the witness was fit to testify and that Mr. Jefferson was given ample opportunity to cross-examine the witness regarding the witness's history of drug abuse. Those determinations are entitled to deference. Mr. Jefferson contends the denial of the drug test affected his ability to impeach the witness. However, in both direct and cross examination, the witness admitted to fourteen different felony convictions, various misdemeanors, and a past of drug abuse. (Doc. No. 11-7 at 270-74.)

Even if Mr. Jefferson's request had been granted, there still was substantial evidence against him that proved beyond a reasonable doubt he delivered methamphetamine. (Doc. No. 11-2 at 2.) One such piece of evidence is a video recording of Mr. Jefferson delivering methamphetamine that was later supported by testimony from a police officer, a DEA agent, and

8

a forensic chemist. (*Id.*) This evidence alone was sufficient to compel a reasonably certain conclusion without resorting to speculation or conjecture. While Mr. Jefferson seems to challenge the sufficiency of the evidence, he fails to address exactly how the evidence was lacking.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, Mr. Jefferson's claims are either clearly procedurally defaulted or fail to make a substantial showing of the denial of a constitutional right. For these reasons, no certificate of appealability will be issued.

### IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      Mr. Jefferson's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2.  A certificate of appealability will not be issued.

SO ORDERED this 17th day of July 2019.

                                                            _____
                                                            JOE J. VOLPE
                                                            UNITED STATES MAGISTRATE JUDGE